

There is no merit to appellants' additional contention that the claim for compensation, not having been filed within one year from Pompey's death, is barred by Section 13 of the Act, 33 U.S.C. § 913(a). The claim was filed prior to the filing of Gulf's report of death. Under 33 U.S.C. § 930(a), (f), commencement of the period for filing a compensation claim is stayed until the employer has filed a report of the injury or death, where the employer or carrier has knowledge of the incident. The evidence of knowledge on the part of both the stevedoring company and its insurance carrier is substantial. Representatives of both companies investigated the incident shortly after Pompey's collapse.

Affirmed.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

*ON SUGGESTION FOR HEARING EN BANC*

BY THE COURT:

No Judge in regular active service on the Court having requested that the Court be polled on hearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Hearing En Banc is denied.

**John S. SIWAKOWSKI, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71-2707.**

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1972.

John S. Siwakowski, pro se.

Crawford C. Martin, Atty. Gen., of Tex., Gilbert J. Pena, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

**John S. SIWAKOWSKI, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71-2707**
**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1972.

ported by substantial evidence on the record * * * as a whole'." 340 U.S. at 508, 71 S.Ct. at 472; 380 U.S. at 362, 85 S.Ct. at 1014.

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.